UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| AGUSTIN CRISTOBAL RUIZ-GONZALEZ, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:26-cv-00199-SEB-KMB |
| | ) | |
| SCOTT A. MAPLES, JR.,<br>SAMUEL OLSON,<br>TODD LYONS,<br>MARKWAYNE MULLIN,<br>TODD BLANCHE, | ) | |
| | ) | |
| Respondents. | ) | |

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

Agustin Ruiz-Gonzalez is a noncitizen who was arrested by U.S. Immigration and Customs Enforcement ("ICE") officials on July 25, 2026, and is detained at the Clark County Jail in Jeffersonville, Indiana. Among other claims, he alleges that his detention is unlawful because he has been denied the opportunity for a bond hearing under 8 U.S.C. § 1226(a). Mr. Ruiz-Gonzalez now petitions the Court for a writ of habeas corpus under 28 U.S.C. § 2241, seeking release from custody. Dkt. 1 at 12-14.

For the reasons explained below, the Court grants the petition and orders Respondents to either afford Mr. Ruiz-Gonzalez an individualized bond hearing or release him from custody, under reasonable conditions of supervision.

## I. Background

Mr. Ruiz-Gonzalez is a citizen and native of Cuba. Dkt. 6-1 at 5. He came to the United States in July 2022 through the United States-Mexico border near Eagle Pass, Texas. *Id.* When he arrived, he was encountered by U.S. Border Patrol and was detained for entering without inspection or admission. *Id.* Mr. Ruiz-Gonzalez was served with a Notice to Appear for removal

proceedings pursuant to 8 U.S.C. § 1229a, which charged him with inadmissibility under 8 U.S.C. § 1182(a)(6)(A)(i) as "an alien present in the United States without being admitted or paroled, or who entered into the United States at any time or place other than as designated by the Secretary of Homeland Security." *Id.* at 1.

In July 2026, Mr. Ruiz-Gonzalez was arrested by local police in Clark County, Indiana, for driving while intoxicated. *Id.* at 5. He was taken to the Clark County Jail, where local police contacted ICE Enforcement and Removal Operations in Louisville, Kentucky. *Id.* ICE lodged a detainer with the facility and served an arrest warrant the following day. *Id.* at 5-6. The warrant cites 8 U.S.C. § 1226 as authority for Mr. Ruiz-Gonzalez's arrest. *Id.*

Mr. Ruiz-Gonzalez is still being held at the Clark County Jail on behalf of ICE. Dkt. 1; dkt. 6. His removal proceedings remain pending. Dkt. 6-1 at 5.

## II. Discussion

Mr. Ruiz-Gonzalez claims that his current detention violates the INA because he has been unlawfully denied the opportunity for a bond hearing. Dkt. 1 at 22-31. He also claims that his detention is in violation of the regulations pertaining to immigration bond and further claims that his detention is unlawful under the Due Process Clause of the Fifth Amendment. *Id.*

In their return, Respondents "have determined that the outcome of [the] [p]etition is controlled by the United States Court of Appeals for the Seventh Circuit's recent decision in *Cirrus Rojas v. Olson*, --- F.4th ----, No. 25-3127, 2026 WL 2198315, at *4 (7th Cir. July 30, 2026). Dkt. 8 at 1-2. In *Cirrus Rojas*, the Seventh Circuit determined that § 1225(b)(2)(A)'s mandatory detention scheme applies only to noncitizens who are "seeking admission" to the United States and not to noncitizens who have entered the United States without obtaining lawful admission, remained inside the United States for years, and have been apprehended in the interior of the United States by immigration officials.

The respondents "acknowledge that *Cirrus Rojas* is binding on this Court and the immigration courts within the [Seventh Circuit]," that it "resolves the case and controversy of this" habeas action, and that "[Mr. Ruiz-Gonzalez's] detention is lawful under 8 U.S.C. § 1226 . . . ." Respondents concede that Mr. Ruiz-Gonzalez "is entitled to a custody redetermination hearing." Dkt. 8 at 1-2. Thus, it is undisputed that Mr. Ruiz-Gonzalez is entitled to habeas relief insofar as he is eligible for a bond hearing.

### III. Scope of Relief

Mr. Ruiz-Gonzalez requests immediate release from custody. Dkt. 1 at 31; dkt. 10 at 6-7. Immediate release is the customary remedy in habeas proceedings. *See Dep't of Homeland Security v. Thuraissigiam*, 591 U.S. 103, 107 (2020) ("Habeas has traditionally been a means to secure release from unlawful detention."); *Munaf v. Geren*, 553 U.S. 674, 698 (2008) (explaining that "the quintessential habeas remedy" is release from custody).

Though Mr. Ruiz-Gonzalez does not explicitly ask for a bond hearing, in Count I of his petition he claims that he "is entitled to [one]" under § 1226(a) and "its associated regulations." Dkt. 1 at ¶ 57. Given that Respondents concede that Mr. Ruiz-Gonzalez's detention is authorized only under 8 U.S.C. § 1226, the Court will order Respondents to provide him an individualized bond hearing as required by § 1226(a) and its regulations. Because the Court has found that Mr. Ruiz-Gonzalez's detention violates the INA, it declines to reach his claim regarding bond regulations or his claim that his detention violates the Fifth Amendment. *See Thomas v. Illinois*, 697 F.3d 612, 613 (7th Cir. 2012) ("[C]onsistent with the principle of avoiding unnecessary constitutional decisionmaking, judges are to address the statutory defense before the constitutional.").

Finally, the respondents ask the Court to dismiss this action and direct Mr. Ruiz-Gonzalez to exhaust his administrative remedies by requesting a bond hearing in an immigration court. Dkt.

8 at 2-3. In previous cases on the §§ 1225-1226 issue, the Court has not denied habeas relief for failure to request a bond hearing in the immigration court due to the government's firm stance that bond was not possible. *See Delgado Avila v. Crowley*, No. 2:25-cv-00533-MPB-MJD, 2025 WL 3171175, *2 (S.D. Ind. Nov. 13, 2025); *Mohammed v. Olson*, No. 1:25-cv-2404-TWP-MKK, 2025 WL 3541819, at *2 (S.D. Ind. Dec. 10, 2025); *Chesme Bazurto v. Olson, et al.*, No. 1:26-cv-00122-SEB-CSW, 2026 WL 285993, *2 (S.D. Ind. Feb. 3, 2026); *Morales Sandoval v. Crowley, et al.*, No. 2:25-cv-00560-JRS-MKK, 2025 WL 3760760, *2 (S.D. Ind. Dec. 30, 2025); *Choudhary v. Swearningen, et al.*, No. 2:26-cv-00041-JPH-MG, 2026 WL 205513, *2 (S.D. Ind. Jan. 26, 2026); *Diaz Gonzalez v. Swearningen, et al.*, No. 1:25-cv-02141-RLY-TAB, dkt. 14 at 8-10 (S.D. Ind. Nov. 18, 2025). Given that the government has only changed that position in response to *Cirrus Rojas*, and after this litigation began, the Court will not impose an exhaustion requirement now and will instead order the respondents to schedule a bond hearing or release Mr. Ruiz-Gonzalez.

## IV. Conclusion

The Court grants the petition to the extent that **no later ten days from the date of this order**, Respondents must either: (1) provide Mr. Ruiz-Gonzalez with an individualized bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) and its regulations; or (2) release Mr. Ruiz-Gonzalez from custody, under reasonable conditions of supervision. Respondents must file documentation certifying that they have either provided Mr. Ruiz-Gonzalez with a bond hearing or released him from detention **within two days** after the hearing or his release, whichever is applicable.

If Federal Respondents hold a bond hearing, the Attorney General is **ordered** to provide notice of the bond hearing to Mr. Ruiz-Gonzalez's counsel upon the scheduling of the hearing.

The petition is **denied** to the extent that it seeks immediate release. The **clerk is directed** to enter final judgment.

**IT IS SO ORDERED.**

Date: 8/20/2026

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

R. Jeffrey Lowe
KIGHTLINGER & GRAY, LLP (New Albany)
jlowe@k-glaw.com

Samir Nasir
Nasir Immigration Law
sn@nasirimmigrationlaw.com

Shelese M. Woods
DOJ-USAO
shelese.woods@usdoj.gov